JONATHAN P. BISHOP, Adminstrator *vs.* INHABITANTS OF MEDWAY.

The provision in *St.* 1842, *c.* 86, § 1, that "whenever county commissioners shall have estimated the damages sustained by any persons in their property by the laying out," &c. of any road, no person claiming damage shall have a right to demand the same, until the land over which the road is located, &c. "shall have been entered upon, and possession taken for the purpose of constructing" the road, does not apply to damages awarded by selectmen to the owner of land over which they have laid out a town way.

THIS was an action of debt to recover one fifth part of a sum awarded by the selectmen of Medway for damages done to the land of the five heirs of Adam Bullard, (of whom the plaintiff's intestate was one,) by the laying out of a town road, by said selectmen, over said heirs' undivided land.

It appeared at the trial in the court of common pleas, before

*Wells*, C. J. that a town way was laid out over said land, by said selectmen, on the 18th of December 1843, and that their doings were accepted at a town meeting, and duly recorded; that the land was never entered upon, nor worked, nor used as a road; that neither the fences, buildings or other property were disturbed by reason of said laying out; and that, at a legal meeting of the defendants, held in April 1845, the said way was discontinued by their vote.

The defendants admitted a demand on them, before this action was brought, for payment of the sum sued for by the plaintiff, and their refusal to pay it. And the plaintiff admitted that said demand was not made until after the discontinuance of the way, as above stated.

The judge ruled that the plaintiff was entitled to recover, and the jury found a verdict accordingly. The defendants alleged exceptions to said ruling.

*Lovering & Wilkinson*, for the defendants.

*J. P. Bishop, pro se.*

HUBBARD, J. The defendants seek to relieve themselves from the payment of damages for land taken in the laying out of a town way, but which land has never been entered upon, nor possession thereof taken, for the purpose of constructing it; and they rely upon the statute of 1842, *c.* 86, § 1, and upon the decision of this court in the case of *Harding* v. *Inhabitants of Medway*, 10 Met. 465, as sustaining their defence. The difference between that case and the present is, that here the way was laid out by the selectmen, and not by the county commissioners, who were not called upon to act in the premises.

On examination of the statute, we think the language is so precise in limiting its provisions to acts done or directed by the county commissioners, that we are not warranted, by any just rules of construction, to apply it to the acts of selectmen in the laying out or altering of town and private ways, or in the assessment of damage for the same.

The case is not provided for by the statute, and falls within the reasoning and authority of *Harrington* v. *County*

*Commissioners of Berkshire*, 22 Pick. 263, and *Hallock* v. *County of Franklin*, 2 Met. 558, which, though harsh in their operation, stand upon well acknowledged principles of law; and as those decisions probably called into existence the *St.* of 1842, *c.* 86, so it will require further legislation * to carry into full effect the spirit of the statute, which, we have no doubt, was intended to relieve towns from the payment of damages in all cases, where the land, after a formal laying out of the way, is not actually entered upon and worked for that purpose.                                  *Exceptions overruled.*

* By *St.* 1847, *c.* 259, § 4, the provisions of *St.* 1842, *c.* 86, are extended to town ways and private ways.